IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

JADDAI DOWELL,

    Petitioner,

v.

UNITED STATES

    Respondent.

Crim No.: GJH-16-208
Civ No.: GJH-17-1474

* * * * * * * * * * * * *

## MEMORANDUM OPINION

On May 30, 2017, Petitioner Jaddai Dowell filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 18 U.S.C. § 2255. ECF No. 64. The Government filed a brief in opposition on August 4, 2017, ECF No. 67, to which Petitioner has not filed a response. No hearing is necessary to resolve the Motion. *See* 28 U.S.C. § 2255(b). For the reasons that follow, Petitioner's Motion will be denied.[1]

## I. BACKGROUND

On March 22, 2016, Dowell walked on to the Suitland Federal Center property in Suitland, Maryland when a Federal Protective Service officer stopped him and found a gun in his possession. ECF No. 67-1 at 9 (Plea Agreement Stipulated Facts).[2] Prior to this incident, Dowell, in September of 2008, was convicted of robbery/complicity in violation of Ohio Revised Code Section 2911.02. *Id.* Because Dowell had been previously convicted of an offense carrying a maximum penalty of more than one year imprisonment, and his civil rights had not been

---

[1] Petitioner has also filed a Motion to Appoint Jennifer Wicks as counsel. ECF No. 65. The Court will grant that Motion and has accepted the Motion to Vacate filed by Attorney Wicks on Petitioner's behalf.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

restored, he was ineligible to possess a firearm and ammunition and charged with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

Dowell, while represented by Attorney John Chamble of the Office of the Federal Public Defender, entered a plea of guilty pursuant to an agreement with the Government on August 5, 2016. In the agreement, Dowell expressly waived his right to appeal his sentence as follows:

> The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment above the advisory guidelines range resulting from an adjusted base offense level of **17**; (ii) and this Office reserves the right to appeal any term of imprisonment below the advisory guidelines range resulting from an adjusted base offense level of **12**.

ECF No. 67-1 at 6.

At the August 5 hearing, the Court engaged in a colloquy with Dowell as required by Federal Rule of Criminal Procedure 11 whereby the Court asked Dowell if he was aware that he was "waiving all rights to appeal any term of imprisonment above the advisory guideline range resulting from an adjusted base offense level of 17." ECF No. 67-2 at 17–18. Dowell indicated that he understood. *Id.* As set forth in the plea agreement, the Government's position was that the base offense level for Dowell's charge was 20 pursuant to the United States Sentencing Guidelines ("U.S.S.G") § 2K2.1(a)(4)(A) because his 2008 conviction was "a crime of violence." Dowell disagreed that the prior conviction was a crime of violence and posited that the base offense level should be 14. *Id.* at 4. The agreement also noted that the Government

2

would not oppose a three level reduction for acceptance of responsibility if the Court determined the base offense level was 20. ECF No. 67-1 at 4.[3]

The case came before the Court for sentencing on October 13, 2016. While United States Probation prepared a presentence report with a recommended base offense level of 14, after concluding that the 2008 conviction was not a crime of violence, the Government objected consistent with its position in the plea agreement. *See* ECF No. 67-3 at 4 (Sentencing Hearing Transcript). After oral argument, the Court found that Dowell's prior conviction under the Ohio Robbery Statute was a crime of violence for sentencing purposes and designated a base offense level of 20. *Id.* at 15. The Court reduced the offense level by 3-levels to an offense level of 17 based on acceptance of responsibility. Further, it was agreed that Dowell was in criminal history category III, which the Court calculated to result in a sentencing guideline range of 30-37 months. *Id.* Ultimately, the Court departed downward from this range and sentenced Dowell to a period of 27 months. *Id.* at 26. Had the Court adopted Dowell's recommended base offense level of 14, and a two-level reduction as agreed to by the Government, he would have been sentenced under a guidelines range of 15-21 months.

Following sentencing, Dowell filed an appeal as to whether his prior conviction under the Ohio Robbery Statute constituted a crime of violence. However, on April 10, 2017, the Fourth Circuit found that Dowell had waived his right to appeal as a part of his plea agreement and dismissed the appeal without addressing the merits. *See United States v. Dowell*, No. 16-4703 (4th Cir. April 10, 2017) (provided as ECF No. 67-4). Dowell's Petition followed.

---

[3] If the Court had adopted the defense's position that the base offense level was 14, the Government did not oppose a two level reduction for acceptance of responsibility. ECF No. 67-1 at 4.

## II. DISCUSSION

In order to be entitled to relief under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a); *see also United States v. Moore*, 993 F.2d 1541 (4th Cir. 1993) (unpublished) (citing *Vanater v. Boles*, 377 F.2d 898 (4th Cir. 1967)). Dowell advances three theories in support of his motion: 1) his conviction was imposed in violation of his right to effective assistance of counsel; 2) his sentence was invalid because the Court errored in finding that his 2008 conviction constituted a crime of violence; and 3) his appeal waiver was not knowing and voluntary. *See* ECF No. 1 ¶¶ 13–15. Each theory is addressed in turn.[4]

### A. Ineffective Assistance of Counsel

Dowell alleges that Chamble incorrectly advised him that the Court's crime of violence determination was appealable, an error, he argues, constituting ineffective assistance of counsel under the Sixth Amendment. *See* ECF No. 1 ¶ 3; ECF No. 1-1. To succeed on an ineffective assistance of counsel claim, Dowell must first show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 669 (1984). Specifically, Dowell must show that "counsel made errors so fundamental that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (citing *Strickland*, 466 U.S. at 694). The core question under *Strickland* is whether "an attorney's representation amounted to incompetence under prevailing professional

---

[4] Dowell also requests discovery and an evidentiary hearing, ECF No. 1 ¶ 16. This request will be denied because where a § 2255 petition, along with the files and records of the case, conclusively shows the petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised therein may be dismissed summarily. *See* 28 U.S.C. § 2255(b).

4

norms, not whether it deviated from best practices or most common custom." *Id*. Dowell must also demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

A defendant seeking relief under § 2255 bears the burden of proof by a preponderance of the evidence, and Dowell has not met his burden. *See Hall v. United States*, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998) (citing *Vanater*, 377 F.2d at 900). Dowell fails to show how Chamble's error rises to the level of unconstitutional incompetence. Even if Chamble's advice on the appeal waiver was deficient, the Court must consider counsel's performance throughout the entire proceedings to determine whether counsel provided competent assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986) (citing *Strickland*, 466 U.S. at 690), and the Court notes that Chamble secured a sentence below the guidelines range commensurate with Dowell's Court-determined offense level, and Dowell himself stated under oath that he was satisfied with Chamble's performance during his Rule 11 colloquy. *See* ECF No. 67-2 at 20.

Regardless, the Court need not scrutinize Chamble's conduct because Dowell fails to show how, but for Chamble's mistake, there is a reasonable probability that the result would have been different. *See Jones v. Clarke*, 783 F.3d 987, 992 (4th Cir. 2015) (citing *Strickland*, 466 U.S. at 697) ("[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed")). Dowell does not allege that he would have rejected the plea agreement had he known that he could not appeal the Court's crime of violence determination. In order to show prejudice from counsel's misconduct in light of a guilty plea, Dowell must show that there was a reasonable probability that, but for counsel's errors, he

5

would not have pleaded guilty and that going to trial would be objectively reasonable. *See United States v. Santiago*, 632 F. App'x 769, 773 (4th Cir. 2015) (citing *Premo v. Moore*, 562 U.S. 115 (2011)); *see also id.* at 774 (citing *Christian v. Ballard*, 792 F.3d 427, 453 (4th Cir. 2015)) (when the Government's case is strong, a defendant faces a nearly insurmountable obstacle to showing that it would have been rational to go to trial). Nor can Dowell credibly argue that he would have been able to secure a more favorable plea agreement if Chamble had revised the terms of the waiver to protect his appeal. *See United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012) (pleading guilty entails acceptance of "both the benefits and burdens of a bargain"); *see also* ECF No. 67 at 10 (noting that Dowell agreed to waive his right to appeal in exchange for sentence reductions from the Government).[5] Therefore, Dowell's claim of ineffective assistance of counsel fails.

### B. Court's Error in Sentencing

Dowell reasserts his position that the Court's crime of violence determination was in error. However, the Fourth Circuit declined to hear his appeal, and the Court will not re-litigate the question through a § 2255 petition now. Dowell may not substitute a § 2255 petition for a properly filed appeal. *See Carillo-Morales v. U.S.*, 952 F. Supp. 2d 797, 802 (E.D. Va. 2013) (citing *United States v. Frady*, 456 U.S. 152, 165–67 (1982)). Furthermore, the Court's purported error was not a jurisdictional or Constitutional error protected under § 2255 and, for the reasons discussed above, does not constitute a "fundamental defect which inherently results in a complete miscarriage of justice." *See Michel v. U.S.*, 849 F. Supp. 2d 649, 653–54 (W.D. Va. 2012) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

---

[5] Additionally, even if Chamble incorrectly advised Dowell that he could appeal the Court's ruling on the crime of violence question, the Court, in effect, clarified that he could not appeal that issue to the extent the Court explained that he could not appeal a sentence unless it was *above* the guidelines range for offense level 17, which was the offense level applicable if the Court determined that the prior conviction was a crime of violence.

### C. Knowing and Voluntary Waiver

Lastly, Dowell contends that his appeal waiver was not knowing and voluntary because he assumed that he could appeal the Court's crime of violence determination. ECF No. 1 ¶ 15 (citing *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) (an appeal waiver "is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver")). The Fourth Circuit directly addressed this issue, concluding that "Dowell knowingly and voluntarily waived his right to appeal his sentence and that the sentencing challenge he seeks to raise on appeal falls squarely within the compass of the valid and enforceable appeal waiver." *See Dowell*, No. 16-4703. Moreover, the plain language of the plea agreement—that Dowell may only appeal "any term of imprisonment above the advisory guidelines range resulting from an adjusted base offense level of 17"—clearly barred his appeal. ECF No. 67-1 at 6. After the Court reviewed the terms of the waiver with Dowell during the Rule 11 colloquy, Dowell responded that he understood. Therefore, Dowell's appeal waiver was knowing and voluntary.[6]

### D. Certificate of Appealability

"A Certificate of Appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). This standard is satisfied by demonstrating that reasonable jurists would find the court's assessment of the constitutional

---

[6] Dowell notes that after the Court found his prior 2008 conviction to be a crime of violence during his October 13, 2016 Sentencing Hearing, the Court suggested that Dowell may appeal the decision. *See* ECF No. 67-3 at 15 ("As [the Court] indicated, I may or may not put something in writing for Mr. Chamble and/or Mr. Patel to specifically attack in Richmond. I'm sure they can do it just based on my oral ruling."). In making this statement, the Court simply did not recognize Dowell's pre-existing appeal waiver as it did when accepting the plea agreement during Dowell's August 5, 2016 Rearraignment Hearing. Instead, the Court noted generally that "[b]efore filing any appeal, you and your lawyer should consider whether you waived any or all of your appellate rights when you entered into your plea agreement." *See* ECF No. 67-3 at 28. As such, the Court's reference to a potential appeal of its crime of violence determination at *sentencing* in no way negates Dowell's prior knowing and voluntary waiver in his earlier plea colloquy.

7

claims presented debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). This legal standard for issuance has not been met, and, accordingly, no certificate of appealability shall issue in this case. Denial of a certificate of appealability, however, does not prevent a petitioner from seeking pre-filing authorization for a successive motion under 28 U.S.C. § 2255.

### III. CONCLUSION

For the foregoing reasons, Dowell's Motion, ECF No. 64, shall be denied. A separate Order follows.

Dated: February 2, 2018

GEORGE J. HAZEL
United States District Judge